Filed 10/9/13  P. v. Villachana CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065994 |
| v. | (Super. Ct. No. BF135522A) |
| LUIS VILLACHANA, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Kane, J., and Detjen, J.

On August 20, 2012, pursuant to a plea agreement, appellant, Luis Villachana, pleaded no contest to one count of felony willful infliction of corporal injury on a spouse or cohabitant resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a)). On September 18, 2012, appellant filed a notice of motion and motion to withdraw his plea. On October 4, 2012, the court, following a hearing, denied the motion, and, consistent with the plea agreement, suspended imposition of sentence, placed appellant on three years' felony probation and ordered that he serve the first 120 days of his probationary period in county jail. The instant appeal followed. The court granted appellant's request for a certificate of probable cause (Pen. Code, § 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Facts*

Appellant was Tandy Martens's boyfriend from August 2007 until approximately January 2011.[1] On January 19, 2011, after getting off work at approximately 5:30 p.m., Martens drove home. Appellant was there when she arrived, and the two drove to a restaurant and purchased some take-out food. As they were driving home, appellant became "[v]erbally abusive" toward Martens.

The verbal abuse continued when the couple returned home. At one point, appellant followed Martens into the bedroom, where he struck Martens with an open

---

[1] Our factual summary of the instant offense is taken from Martens's testimony at the preliminary hearing.

2

hand "really hard" on the side of the head. Appellant "kept hitting" Martens in the head and "kept spitting in [her] face." Next, appellant pushed Martens down on the bed, got on top of her, put both his hands around her neck and choked her until she passed out. Eventually, Martens regained consciousness and ran to a neighbor's house.

### *Motion to Withdraw Plea*

On August 20, 2012, prior to entering his plea, appellant signed an "ADVISEMENT OF RIGHTS, WAIVER, AND PLEA FORM FOR FELONIES" (plea waiver form). Later that day, in court, he stated, in response to questions from the court, that his attorney had "clearly" gone over the plea waiver form with him and explained to him his rights, that he had no questions for his attorney or the court, and that "We are clear." The court found that appellant had "knowingly, intelligently, freely and voluntarily waived his rights," and accepted appellant's plea.

At the hearing on his motion to withdraw his plea, appellant testified to the following: The police came to his home at 4:18 a.m. on August 20, 2012, and arrested him. Prior to his arrest, appellant, over a three-hour period, drank "maybe 15 Budweisers" and one-third of a bottle of vodka, and smoked approximately 3.5 grams of marijuana. He had his last drink at approximately 1:49 a.m. and he last smoked marijuana at 2:40 a.m. He was brought into court later that morning, at which time he entered his plea. At the time of his plea, he was under the influence of alcohol and marijuana. He was "totally discombobulated" and he "didn't know what was going on."

The court found appellant not credible and denied the motion.

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.

3